Good morning. May it please the court. Kara Hartzler, Federal Defenders, on behalf of Mr. Alvarez. At a Black Lives Matter protest, police arrested Rudy Alvarez for allegedly aiming a laser pointer at a helicopter. During his interrogation, an experienced detective deliberately used the forbidden two-step technique by referencing Mr. Alvarez's incriminating pre-Miranda statements to get him to make similar post-Miranda admissions. Then at trial, the prosecutor repeatedly stressed the dangerousness of Mr. Alvarez's actions, relying on this and other improper considerations that had nothing to do with the elements of the offense. For either of these reasons, the court should remand. Now, in the last one, just to clear out that, that's plain error review in terms of argument? For the closing statements? Yeah. One of them we objected to, and so it would be harmless error beyond reason. The one you just referred to is plain error. The one I just referred to is arguably plain error. We did make a motion in limine saying that all references to dangerousness should be, should not be allowed. So, you know, we did get that in, but we didn't specifically object at closing. Okay. So I'd like to make two points about the closing statements. Going to the forbidden two-step technique, there is an open question, both the government and the defense agree, that there is an open question in this circuit as to who bears the burden to show that an officer did or did not act deliberately. Now, every circuit that has decided this issue has held that the government bears this burden. So here, the district court, at a minimum, didn't say who bore the burden, and everything in the court's decision shows that he actually put the burden on the defense. So this is important because if this court agrees with every other circuit to have decided the issue that places the burden on the government, then that mistake, that legal error, infected the analysis, and this court would review de novo rather than under a clearly erroneous standard. So that's my first point. My second point is that regardless of who bears the burden, there is no evidence here to show that the detective acted deliberately. And this court doesn't need to look any further than one of the statements that he said during the post-Miranda interrogation, where he specifically referred back to the pre-Miranda statements and said, I know when we first contacted you, you said that this was a stupid idea kind of thing. That wasn't true, was it? It wasn't true. Absolutely. There's nothing wrong with that. There's nothing wrong with tricking somebody. Exactly. So not only was he referring to prior statements, he was referring to a prior statement that the detective himself made rather than one that Mr. Alvarez made. So what? Well, I mean, you're, first of all, you're assuming that there was something wrong with the first interrogation. There's nothing, we don't get into whether there's anything wrong with the second. I don't myself see anything wrong with the second looking at it without reference to the first. Your Honor, I would say that, let's say that the court disagrees that the statement, you can't do that, bro, was an interrogation. Let's assume what? I'm sorry. There was the one statement there, there was the statement that the detective said, so obviously you're under arrest for pointing a laser at a helicopter, you can't do that, bro. Assuming that the court disagrees with us and says, no, that wasn't interrogation. The district court still found that all of Mr. Alvarez's statements after that should have been preceded by Miranda warnings. In other words, the district court found a Miranda violation and it was those later statements or lies about the statements that violated Miranda that allows this court to go ahead and... You're assuming that this was all one interrogation. There was the van, they get out of the van, they get to the stadium, and then there's a, that may not have been a great lapse in time, but then there's what I would call the second interrogation. And the first part, the first interrogation, what was the Miranda violation? Well, the Miranda violation, we believe, under totality of the circumstances, was that he said, you know, you can't do that, bro. But even if the court disagrees, the district court below found that everything else violated Miranda, everything that came after that. Well, you just quoted what he said, what the police officer said. The defendant said, I forget what the exact words is, what word he used, but he didn't even, he said figure in this colloquy. And it's even ambiguous what figure means, but what is the definition of interrogation? It seems to me if you're going to start with a what I would call, we could call the first interrogation in the van. What is the definition of interrogation? Statements that are reasonably likely to elicit an incriminating response. Yes. Was that reasonably likely to elicit an incriminating response when it's even debatable whether, what the response was? We would argue it is. I would like to move to the closing arguments if the court would allow me to do that. Well, you're jumping ahead. I'll give you time to move to the closing arguments, but you should answer Jay Farman's questions. Unless I'm reading it wrong, it seems to me the U.S. Attorney is conceding that if you're right on Miranda, then you win. I think he's wrong. In fact, I think the evidence is fairly overwhelming in this case. I could identify from the person who was in the helicopter, said this person is staring right at me. He gave the people on the ground a fairly detailed description. They took him a while to find him, and then the guy in the helicopter said he's standing near somebody with a cart. They arrest him. He fits completely the description that was given by the pilot, including what he was wearing. I mean, that to me is fairly compelling. And then, although they didn't conduct a fairly thorough search incident of the arrest when they arrested him, they find the laser pointer in his pocket. I mean, I think that's a pretty overwhelming case with or without the so-called confession. Your Honor, my response would be, first of all, the case law says that a confession is one of the most damaging things. It's one of the most damaging things, but the Supreme Court has said it could be subject to harmless error analysis. And what we're dealing with here is not a written confession. We're dealing with an ambiguous, too, basically, ambiguous statements figure. In fact, as to the first statement, the prosecutor argued in his summation, well, he didn't deny it. He didn't even say he had acknowledged it. So I don't even, you know, I don't want to, you want to jump ahead? I think the whole, I think the Miranda violation, assuming there was one, was harmless. The last thing I'll say about prejudice, just if I can have one last shot at changing your mind, Your Honor. I think our whole theory of defense was he knew he was waving the laser around, but he didn't intend to hit it. And the most damaging evidence to the contrary was when the prosecutor said, but he admitted he did it. And so that's why we think that there was prejudice. But if I would be allowed to move on to closing arguments. Well, he admitted he did it, but he didn't, it could have been unintentional. I think that's not, I think if it was, if he was not intending to hit the helicopter, he would not satisfy the elements. I think everyone is in agreement on that. Go ahead. I'm having difficulty following you. I understand. Thank you, Your Honor. So just to briefly talk about the closing arguments. I think one of the most problematic and troubling issues in terms of the closing arguments is that the prosecutor used this mantra, this theme of dangerousness. And this court has said that it is highly improper to use dangerousness as a consideration at the guilt phase of trial. But the prosecutor said at the beginning, at the middle, and at the end of his closing arguments, this was dangerous, it was stupid, and yes, it was also illegal. That was asking the jury to essentially say, this was dangerous conduct, and you should convict on that alone. And then two other errors during closing argument dovetailed on that. Basically, one of them was the golden rule, where the prosecutor asked the jurors to put themselves in the position of the helicopter pilot. Imagine you're up in the air, and you're thousands of feet, and how ridiculously dangerous is that? And then the prosecutor asked the jurors to ask them what their friends and family would think, how they would explain it to their friends and family. These are all integral errors that ask the jurors to say, we want you to convict because it's really, really dangerous to point a laser at a helicopter. Those were totally improper considerations, and on that basis alone, even if the court finds we're on plain error, we think it satisfies it. And as to all of those three statements you just pointed to, it is plain error? It is plain error. That is to say. So it's not even if it's plain error. It is plain error. It is plain error. Yeah, okay. That's right. And thank you for giving me more time. Thank you. Good morning. May it please the Court. Zach Howe for the United States. Saying you can't do that, bro, is a statement attendant to custody and arrest. It is a declaratory statement similar to statements about the nature of the charges and the evidence against the defendant, which this Court has said is okay in Moreno-Flores. In fact, that's a much milder statement than what this Court has said is not interrogation in cases like Moreno-Flores and Schettelbauer. So there was no interrogation as to that statement. I don't understand. So they have him in custody, right? That's correct, yes. And the detective. First of all, I don't understand how the district court judge could parse which statement should have been accompanied with Miranda warnings and shouldn't it, in fact, be that as soon as they have him in custody, if they're going to ask him any questions or try to elicit any information, they should Mirandize the suspect. I think that's the best practice, Your Honor, but not necessarily. So, for example, if you look at this court's Mickey case, there you had five or six hours of conversation, and this court held that none of it was interrogation because it was all casual talk. So the question is, is it reasonably likely to elicit an incriminating response? And, again, this court has said if it's just a statement attendant to arrest in custody, saying you're under arrest, these are the charges, this is the evidence, and certainly saying you can't do that. I think this sentence just goes a little bit further because he's saying we know you did it, and he's trying to get an omission from him. Yeah, okay. Then let's go on from there. Well, again, Your Honor, I don't think it suggests guilt to say you can't do that any more than it suggests guilt. It suggests he did something that was illegal. Again, I think that suggests that he did something illegal no more than saying you're under arrest or the act of arresting someone or the act of saying this is the evidence against you, these are the charges against you. Again, this is much milder than statements this court has said aren't interrogation. So, for example, if you look at Shettlebauer, in that case this court said it was not interrogation when the officer falsely claimed that a victim identified the defendant as the one who raped her and murdered her boyfriend. That's far more extreme than what we're dealing with here, and this court said no interrogation. In Moreno-Flores, the officer said you're in serious trouble. Here there's no comment on the severity of the trouble that Alvarez is in. All the officer is doing is saying what is already obvious, which is you can't do the thing you are being arrested for doing. So I think this case falls well within those cases finding no interrogation. And then when we get to the two-step interrogation— But what was the incriminating statement to begin with? Well, we'd argue that it's an incriminating statement, Your Honor. We certainly do think it is a confession. We agree with defense on that count. However, this court has said— The word figure? I mean, you didn't even—I don't know whether you tried the case, but whoever tried the case in summation didn't even refer to it as an admission. The assistant referred to it as saying, well, he didn't deny it, which is hardly a confession. It was certainly a soft use of that statement, Your Honor. I agree. I read the statement as saying, yes, I figured I was under arrest because I pointed this laser pointer at the— It's at best ambiguous. I don't even—I'm not sure I understand why you're conceding that if there's a Miranda violation that it's not harmless error. I mean, this to me was a fairly overwhelming case. I certainly agree. Without the figure, whatever that means, statement. I certainly agree the evidence was strong, Your Honor. Didn't you have to prove intent as an element of the crime? It's whoever knowingly aims. So you had to prove intent, right? Yes, Your Honor. Okay, so what was the overwhelming evidence of intent aside from the admissions? Aside from the admissions, I think it's what the prosecutor explained at pages 25 through 27 of the record. So he says, what is the best evidence? And this is after clarifying that we have the burden to show that this was knowing. He says, what's the best evidence? Look at the video, and he plays clips from the video five or six times, and he says, you can see the defendant pointing this laser pointer and hitting the helicopter repeatedly over and over, and he's the only one looking up. You have a bunch of people looking— But is that evidence of intent? And also, I think that implicates the argument that the prosecutor was burden shifting because there's no evidence that he didn't intend it, he says. So I'm happy to address that as well, Your Honor. They're kind of related. Certainly. So again, page 25, the prosecutor expressly clarifies that we bear the burden. Page 25 through 27, the prosecutor expressly discusses the evidence that meets that burden. And then, after having clarified the burden and the evidence meeting the burden, the prosecutor simply asks, is there anything you see on that video that suggests this was an accident? This court has affirmed statements like that over and over again. Rhodes, Lopez, Mayans, Vandering. The court has repeatedly said, when you clarify your burden and when you argue the evidence showing that burden, then it's perfectly permissible to ask the defendant to explain all that uncomfortable evidence showing their guilt. So there was no burden shifting going on here. But he says on page 27, he says, is there any evidence that there was an accident here, that this was unintentional, he didn't realize that was what was happening? And then there's an objection, burden shifting. And then he says again, is there any evidence from the video that you can see that this was not intentional? Why isn't that not burden shifting? Well, Your Honor, it is strikingly similar to the statements this court has said are not burden shifting. To give one example, in Rhodes, the prosecutor said, not one shred of evidence has been introduced by the defendant that these crimes did not occur. The court said no burden shifting. The reason is because when you clarify your burden, as the government did here at page 25, when you argue that the evidence meets your burden, as the government did for another three pages, and then you simply ask the defendant to explain the uncomfortable evidence showing his guilt, that is not burden shifting. That's what occurred here. There was never a time where the government said the defendant must put on evidence or must prove their own innocence. That is what this court has said is burden shifting. I'm happy to address the golden rule and dangerous comments as well. It is certainly true that the formulation that the prosecutor used, the put yourself in the position of the pilot formulation, can implicate the golden rule. But this court has said that it is not a per se golden rule violation. Are you arguing that the argument to the jury was permissible? Yes, Your Honor. Oh, well. The reason I say that, again, using that formulation, this court has said, is not improper if it is, quote, wholly innocuous, as the court said in Drayton, or if it is not, quote, designed, specifically designed to inflame, as the court said in Lester. But there was a complex of things that were said, including emphasis on dangerousness. You're saying that's permissible also? Yes, Your Honor, for a few reasons. One is that the prosecutor is saying exactly what the witness said. Page 67, the pilot says multiple times. Well, what witnesses say and what the prosecutor argues, those are not necessary. Just because a witness says it doesn't mean the prosecutor gets to argue it. Your Honor, I'll say this. I'm not aware of a single case from this court or any other where this court has held that it is prosecutorial misconduct to relay undisputedly properly admitted evidence to the jury. And that is necessarily the argument here. Alvarez is arguing, because they haven't challenged the testimony on this being dangerous, they're arguing that simply stating what was properly admitted at trial is somehow prosecutorial misconduct. I'm aware of no case that stands for that proposition. But I do, even if we want to get more granular, I think there were specific reasons for this comment, these comments about danger. There's sort of a macro reason and a micro reason. The macro reason is, again, look at the context of this case. Well, I understand the reasons why the prosecutor might want to say it. That's not the question, whether it had a reason. The question is whether it's permissible. I agree, Your Honor, and the reasons I'm giving, I think, have nothing to do with inflaming the jury. One is it curbs this idea that the government, to use the district court's word, phrasing is simply cooking up some arbitrary rule to enforce. And there was a real danger that the jury was going to think that in this case. I'm sorry, that the jury was going to think what? There was a real danger that when you're dealing with a peaceful protest, protesting the police, that the jury is going to think, look, the police are just arbitrarily enforcing a law to pick on this peaceful protester who's protesting them. And remember what was said in the opening statement. The defense counsel talked about how this was just Alvarez wanting to, quote, bring attention to the tragic death of black men and women in police encounters. He wanted to march to illuminate what had captured the hearts and minds, or excuse me, the hearts of millions of Americans. There's a real danger there that the jury is going to say they're just picking on this poor peaceful protester. Saying that it's dangerous makes clear that, no, this is a legitimate law. There's a reason to enforce it. That's not inflaming the jury. It's just making clear that they're not being arbitrary in their enforcement. But there's also a more specific reason why danger is being mentioned. It explains why the officers did what they did and didn't do what they didn't do. Because, remember, there was cross-examination about why they weren't using a spotlight, why they weren't calling out on a loudspeaker, why they weren't communicating with the organizers of the protest. This explains why they're not doing that. Instead, they had to just put on those special goggles. They had to call down to the people on the ground to try and get their officers on the ground to find the person. It explains why they were doing what they were doing and not doing what they weren't doing. All of those are permissible purposes that have absolutely nothing to do with inflaming the jury. And certainly, again, we're on plain error review. There is no case on point that suggests that this was clearly and obviously improper such that the court should have been picking it up sua sponte. And the final point I'll note, if there's any ambiguity, the Supreme Court has said and this Court has repeated, this Court will not assume that the prosecutor intended comments to have their most damaging meaning. Certainly, this Court shouldn't assume that on plain error review. I see my time's running out or has run out. I am happy to address the statement about talking to your family or friends if the Court would like. There was the, you know, how would you explain this to family and friends? Yes, what was the justification for that? That was used as a mechanism simply to explain that this case is really straightforward. And that's what the prosecutor did. He said, what are you going to say when someone's asked about this? And then he explains the evidence in really straightforward terms. But what he never does is what happened in the Trillo case. He doesn't suggest that if you acquit, then the neighbor or the society member you're talking to is going to be dubious, that you're going to be uncomfortable, that you're going to face consternation or condemnation. I'm not sure that's right. Implicit in what he said is that suggestion, that very suggestion. So, Your Honor, respectfully, if you look at Trillo, in that case, the prosecutor I'm not talking about the other case. I'm just talking about what he said. It's implicit, as I read that, in what he said is that it's a sort of how are you going to explain it when they say to you, hey, why did you acquit that guy? So, Your Honor, I'll respectfully disagree. The one thing I will say is the final point is that if the court does find that there was any sort of misconduct at issue here and that it was plain, I would simply submit that any error was harmless or rather that Alvarez can't establish precedent given the overwhelming evidence that Can't establish what? Prejudice. Prejudice. Given the overwhelming evidence that Judge Corman has referred to and given that if you agree with us on Miranda, you have multiple confessions to the only disputed element in this case. And I see your dubious, Judge Wardlaw. I will just say I think defense counsel agrees with us. If you look at page 46 and 47 of the brief, they say that these admissions went directly to the heart of the case by confessing the only disputed element at trial that Mr. Alvarez had the necessary evidence. Right, that's the point. So, that's why I might appear. The point, I think, if we accept it, is that the critical issue was intent and the un-Mirandized statements build that gap for the prosecutor's case. I absolutely agree they went directly to that only disputed element, Your Honor. Right, and then what was the other evidence that makes this so overwhelming in your view? Well, I think the confessions alone do it, but apart from the confessions. Yeah, if you exclude the confessions. Absent the confessions, and again, I admit, and I think it's footnote 2 or 3 of our brief, we say this is likely going to be harmful if you disagree with us on Miranda. You usually do take our concessions. You're not obligated to. But if you weren't, then I would say the evidence you have is the video showing that Alvarez is the only one looking up, and he's repeatedly, over and over, hitting the helicopter with the laser while he's looking up and no one else is looking up. The notion that he is accidentally looking up and hitting the helicopter repeatedly just isn't plausible. My question, as always, is if that's such strong evidence, why all these other things? Why the prosecutor do all these other things? You know, Your Honor, it's fair, and if your question is, were some of these phrases clunky? Were they unartful? Absolutely. I think the prosecutor himself would say that. I've talked to him about it. I think he has said that. Yeah, I kind of wish he were here and we could have talked to him about it too. Fair enough, Your Honor, but I would say clunky and unartful is not clearly and obviously misconduct, and I would simply submit that there was no misconduct here. Okay. Thank you very much, counsel. Thank you, Your Honor. Ms. Hartzler, I'll give you an extra minute too. We gave the government four extra minutes. Thank you very much, Your Honor. I want to direct this Court's attention to the case of Baragon, 871F3-689. It's out of the same district. It also involved misconduct where the prosecutor involved made multiple statements about the dangerousness of the defendant, used it as a theme, similarly to the way it was used here. In that case, this Court reversed, and I find it, frankly, troubling that the prosecutor's office here is, frankly, not admitting error when this Court's case law clearly shows that things like this is error. And I think if the Court, you know, there may be a question as to prejudice, but when the prosecutor is asking the jury to convict on an issue that has nothing to do with the elements of the crime, that is inherently prejudicial. And if the Court continues to allow the prosecutors in this office to do this, they're just going to keep doing it knowing that they can always win on plainer. And with that, we'll submit. Thank you, Your Honor. I just want to understand one thing. Are you saying that he did or did not confess? I think the pre-Miranda statement, yeah, I figured, is ambiguous. I agree with Your Honor. I think the post-Miranda was probably a confession. I think it was saying, yes, I, you know, hit him with the laser. Yes, and he also, his explanation was, I didn't intend to, I didn't know that it was going to hurt anybody. That, to me, is a confession. I just don't understand. And if you add that to all of the other evidence that resulted, you're not even suggesting there wasn't probable cause for his arrest to begin with, which was based on the evidence that I outlined to you. I just don't understand. If that was a confession, why, along with the other evidence, these statements of the prosecutor were not either harmless and certainly not plain error? May I say one thing about the video? The video is very inconclusive, and that's what the prosecutor said was the best evidence. But all the video shows is a mass of people wearing masks, and as the defense counsel said, it looks like a lot of them are. Yes, but the helicopter pilot said there was one person who was actually staring at me, and he actually gave a description of him. It was based on that description that they ultimately found him in the crowd when the helicopter person said he's standing near a person with a, near a cart. And he fit the description perfectly. And then ultimately they actually find the laser pointer. And then he says he, well, I agree with you. In the stadium, he basically confessed in context. It was clearly understood that he was doing it deliberately. He just didn't know, he just didn't understand that it could have the harm that had been described to him, and that's probably true. That's why he got a, I'm sure that's why the judge gave him a suspended sentence. I think he actually believed, and I hate to say I believe somebody when I haven't heard them, but it sounds plausible to me. I don't think he understood what he said. He didn't understand the damage that it could do to the eyes of a pilot. I think he meant it. I don't think he, I think when he said he didn't do it maliciously, that's what he meant. But go ahead, I. . . And I think that's why we think it's harmless, but I understand. Thank you, Your Honor. Thank you, counsel. United States v. Alvarez is submitted.
judges: WARDLAW, FLETCHER, Korman